UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | No. C-12-00767 DMR |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| BENJAMIN HERNANDEZ, | |
| Defendant(s). | |

Defendants Benjamin and Martha Hernandez ("Defendants"), former owners of a now-foreclosed home, removed this case pursuant to 28 U.S.C. § 1441 from Contra Costa County Superior Court, where it was pending as a complaint for unlawful detainer. The Notice of Removal states that the Complaint presents federal questions arising under the Fair Debt Collection Practices Act and the Due Process Clauses of the Fifth and Fourteenth Amendments such that the case could have originally been filed in this Court. (Notice of Removal ¶ 3.) Plaintiff Bank of New York Mellon filed a Motion to Remand on May 17, 2012. [Docket No. 11.] Defendants did not file an opposition or statement of non-opposition by May 31, 2012, as required by Local Civil Rule 7-3. Six days later, the court issued an order to show cause, demanding that Defendants file a statement by June 13, 2012 explaining why they failed to file an opposition, along with any proposed opposition, or that they file a statement of non-opposition. [Docket No. 15.] Defendants filed an opposition on June 13, 2012. [Docket No. 17.] The parties have filed consents to this court's

jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 4, 6-7.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the following reasons, the court grants Plaintiff's Motion to Remand.

### I. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831.

Plaintiff asserts that this Court lacks subject matter jurisdiction over this matter because the Complaint states only a state law action for unlawful detainer. (Pl.'s Mot. 3-4.) According to Defendant's Notice of Removal, however, a federal question arises because Plaintiff's actions have invoked the Fair Debt Collection Practices Act and the Due Process Clauses of the Fifth and Fourteenth Amendments. (Notice of Removal ¶ 3.) The Complaint that Plaintiff filed in Contra Costa County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (*See generally* Compl.) Whatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) ("[I]t is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction . . . ." (quotation marks omitted)); *Dean v. Compass Receivables Mgmt. Corp.*, 148 F. Supp. 2d 116, 117-18 (D. Mass. 2001) (remanding case after

finding plaintiff's claims to be legitimate state law claims and not disguised federal causes of action under Fair Debt Collection Practices Act).

## II. Conclusion

For the reasons above, the court GRANTS Plaintiff's Motion to Remand the case to Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated:  June 22, 2012



DONNA M. RYU
United States Magistrate Judge

3